UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| **GREGORY RYAN WEBB,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | )   No. 2:25-cv-84 |
| v. | ) |
| | ) |
| **CASEY COX,** *Cumberland County TN Sheriff, in their official capacity,* | ) |
| | ) |
|     **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

Gregory Ryan Webb, a resident of Waverly, Illinois, filed this pro se action against Casey Cox, Cumberland County Tennessee Sheriff, alleging violations of Plaintiff's civil rights pursuant to 42 U.S.C. § 1983. (Doc. No. 1). He also filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2), and a "Motion and Supporting Memorandum" (Doc. No. 6). The Court must begin with the filing fee.

### I. FILING FEE

The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). To grant such authorization, the Court requires sufficient information to determine "whether the court costs can be paid without undue hardship." Foster v. Cuyahoga Dep't of Health and Human Servs., 21 F. App'x 239, 240 (6th Cir. 2001).

In his IFP Application, Plaintiff states that his monthly income is "$1000 or less," his monthly expenses total "$1000ish", and he currently has $226 in "Cash App." (Doc. No. 2). Because Plaintiff's IFP Application reflects that he is unable to bear the costs of paying the filing fee in this case, the IFP Application (Doc. No. 2) is **GRANTED**.

1

## II. SCREENING OF THE IN FORMA PAUPERIS COMPLAINT

The Court must dismiss any action filed in forma pauperis if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In doing so, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### A. Alleged Facts

The complaint references state court proceedings involving Plaintiff and Lewana Castillo Webb, his ex-wife, including a criminal case, an order-of-protection case, and a divorce case.[1]

---

[1] Since 2022, Webb has filed over thirty cases in this court, all proceeding IFP, with the exception of one fee-paid case where noted. The cases all are related in some way to the same state court proceedings. The following list does not include three petitions for habeas corpus relief filed by Webb. The cases are: Webb v. Worley et al., 2:22-cv-00026 (dismissed; not eligible to proceed IFP); Webb v. Webb et al., 2:22-cv-00054 (dismissed without prejudice for failure to comply with court order); Webb v. Webb et al., 2:23-cv-00009 (dismissed for failure to state a claim); Webb v. Board of Judicial Conduct et al., 2:23-cv-00010 (dismissed without prejudice for lack of standing and for failure to state a claim); Webb v. Webb, 2:23-cv-00012 (dismissed without prejudice for failure to state a claim); Webb v. Fickling et al., 2:23-cv-00013 (dismissed for failure to state a claim) Webb v. McKenzie, et al., 2:23-cv-00014 (voluntarily dismissed); Webb v. Dunaway et al., 2:23-cv-00017 (dismissed without prejudice as frivolous and duplicative); Webb v. Mayberry,

The complaint alleges claims against Cumberland County Sheriff Casey Cox. Plaintiff alleges that "a memory 'trauma' or amnesia was reactivated during the first half of 2025, until 08/29/2025, [and he has] found endless obstruction to [his] evidence and 2021/2022 timeline." (Doc. No. 1 at 4). Plaintiff alleges that he mailed "statements" to Sheriff Cox related to this "memory 'trauma' or amnesia that resulted from [Plaintiff's] son's kidnapping . . . that includes deputies of his department and members of his church congregation." (Id.) Plaintiff maintains that he has "named serious and factual statements that make perfect sense to [his] evidence and to what occurred during 2021/2022." (Id.) Plaintiff believes that the information he provided to Sheriff Cox raises "a national level concern" and Sheriff Cox should have investigated this information

---

2:23-cv-00025 (dismissed without prejudice for failure to state a claim); Webb v. Tracking System, 2:23-cv-00029 (dismissed for failure to state a claim); Webb v. Webb et al., 2:23-cv-00032 (dismissed without prejudice for failure to prosecute and failure to pay the filing fee); Webb v. Powers, et al., 2:23-cv-00065 (fee paid; pending); Webb v. First Realty et al., 2:24-cv-00034 (dismissed for failing to comply with court order and for want of prosecution); Webb v. Republican Party of Cumberland County TN, 2:24-cv-00039 (dismissed with prejudice as barred by statute of limitations); Webb v. TBI Agent, 2:24-cv-00056, (dismissed with prejudice for failure to state a claim); Webb v. 13th District DA's Office, 2:24-cv-00068 (dismissed with prejudice for failure to state a claim); Webb v. Gardner Mayberry et al., 2:25-cv-00034 (dismissed on res judicata grounds); Webb v. Middle Tennessee Mental Health Institute, 3:24-cv-00706 (pending); Webb v. Webb, 3:24-cv-00819 (petition for writ of mandamus dismissed without prejudice for lack of subject matter jurisdiction); Webb v. Weist et al., 3:24-cv-00956 (pending); Webb v. Board of Judicial Conduct TN et al., 3:24-cv-01307, (transferred from N.D. Alabama; dismissed on res judicata grounds); Webb v. Hill et al., 3:25-cv-00019 (dismissed for failure to state claims); Webb v. DHS Dayton, TN et al., 3:25-cv-00021 (dismissed for failure to state a claim); Webb v. Verizon Wireless Crossville, TN, 3:25-cv-00022 (dismissed with prejudice for failure to state a claim and alternatively as untimely filed); Webb v. Sexton et al., 3:25-cv-00394 (transferred from S.D. Ill. and pending); Webb v. ADA Bateman, 2:24-cv-00070 (dismissed with prejudice for lack of subject matter jurisdiction based on sovereign immunity); Webb v. Ridley, 2:25-cv-00007, (dismissed with prejudice); Webb v. City of Crossville, TN et al., 2:25-cv-00018 (voluntarily dismissed); Webb v. Fickling, 2:25-cv-00059 (voluntarily dismissed); Webb v. Webb, 2:25-cv-00061 (dismissed with prejudice for failure to state a claim and alternatively as untimely filed); Webb v. TN Unemployment et al., 3:25-cv-00020 (dismissed for failure to state claims); Webb v. Sandy Garrett, 3:24-cv-1150 (R&R adopted and case dismissed).

3

but "acted in both his individual and official capacity preventing facts" intentionally "to prevent his own political position from being jeopardized." (Id. at 5).

As relief, Plaintiff requests his litigation expenses "of over $126,000" and punitive damages totaling over $1 billion. (Id. at 9).

**B. Analysis**

After conducting the initial screening pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that the Complaint cannot survive screening under Section 1915(e)(2).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. The statute of limitations for a Section 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claims arise." Eidson v. Tenn. Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007). The limitations period for Section 1983 actions arising in Tennessee is the one-year limitations provisions found in Tennessee Code Annotated § 28-3-104(a). Porter v. Brown, 289 F. App'x 114, 116 (6th Cir. 2008). "[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." Wallace v. Kato, 549 U.S. 384, 388 (2007). Claims accrue and the statute of limitations period begins to run when the plaintiff knows or has reason "to know of the injury which is the basis of his action." Roberson v. Tenn., 399 F.3d 792, 794 (6th Cir. 2005). This inquiry is objective, and courts look "to what event should have alerted the typical layperson to protect his or her rights." Hughes v. Vanderbilt Univ., 215 F.3d 543, 548 (6th Cir. 2000). It is the Court's responsibility to "determine whether the alleged precipitating event or events occurred more than a year before [the plaintiff] filed the complaint." Standridge v. Tenn. Dep't of Children's Servs., No. 3:08-CV-133, 2009 WL 348782, at *7 (E.D. Tenn. Feb. 10, 2009).

Most of the events about which Plaintiff complains occurred in in 2021 and 2022. Because the alleged precipitating events occurred well over two years before Plaintiff filed his original complaint on October 7, 2025, and because Plaintiff was aware of his claimed injuries at the time of those events, Plaintiff's claims concerning these events are barred by the governing statute of limitations for Section 1983.

To the extent Plaintiff claims he was unaware of his injuries within the governing one-year statute of limitations because he recently recovered memories that he had lost due to trauma and amnesia, Plaintiff's claim strains credulity. Plaintiff has filed over 30 lawsuits in this Court concerning the same events and alleged conspiracies which form the basis for most of his lawsuits,[2] including this one. Eleven of those lawsuits were filed in 2022 and 2023, within the statute of limitations period.

Even if the complaint was timely filed (which it is not), the Complaint fails to state a claim upon which relief can be granted against Sheriff Cox in either his individual or official capacity. Plaintiff's claims are brought pursuant to Section 1983. There are two elements to a Section 1983 claim. A plaintiff must allege that a defendant acted under color of state law and that the defendant's conduct deprived the plaintiff of rights secured under federal law. See Handy-Clay v. City of Memphis, Tenn., 695 F.3d 531, 539 (6th Cir. 2012) (citing Fritz v. Charter Twp. of Comstock, 592 F.3d 718, 722 (6th Cir. 2010)). The only allegation against Sheriff Cox in his individual capacity is that he failed to open an investigation into the 2022-23 events Plaintiff shared with him in 2025 after suddenly remembering them. But private citizens lack any "judicially cognizable interest" in the criminal investigation or prosecution of another. Mitchell v. McNeil, 487 F.3d 374, 378 (6th Cir. 2007) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)).

---

[2] Plaintiff also has filed habeas corpus actions relating to a state-court conviction.

Sheriff Cox did not owe a constitutional duty to Plaintiff to investigate allegations brought to his attention by Plaintiff. Thus, Plaintiff has failed to allege that Sheriff Cox's conduct deprived Plaintiff of a right secured under federal law. Neither has Plaintiff stated an official capacity claim against Sheriff Cox. The complaint does not allege the existence of a policy, practice, or custom of Cumberland County that deprived Plaintiff of a right secured under federal law. See Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658. 691 (1978) (holding that a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged constitutional deprivation); Nichols v. Wayne Cty. Mich., 822 F. App'x 445, 448 (6th Cir. 2020) (citing Hardrick v. City of Detroit, 876 F.3d 238, 243 (6th Cir. 2017)) ("To state a municipal-liability claim under § 1983, the plaintiff must allege the deprivation (1) of a right secured by the Constitution or laws of the United States, (2) that was directly caused by a municipal policy or custom." ).

### III. CONCLUSION

Based on the foregoing, this pro se action filed by Plaintiff Gregory Ryan Webb is **DISMISSED WITH PREJUDICE** as filed outside the governing one-year statute of limitations or, alternatively, for failure to state a claim upon which relief may be granted under Section 1983.

Plaintiff's "Motion and Supporting Memorandum" (Doc. No. 6) is **DENIED AS MOOT**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE